1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LUCIO JUSTO RAMOS CARRILLO,              Case No.  2:25-cv-2315-TLN-JDP (P)

12                    Petitioner,

13           v.                                ORDER; FINDINGS AND
                                               RECOMMENDATIONS
14    UNKNOWN,

15                    Respondent.

16

17          On August 20, 2025, I ordered petitioner to submit either a completed *in forma pauperis*

18    application or pay the required filing fee within thirty days.  ECF No. 3.  Petitioner failed to

19    comply with that order, therefore, on October 10, 2025, I ordered petitioner to show cause why

20    this action should not be dismissed for his failure to pay the filing fee, to prosecute, and to

21    comply with court orders.  ECF No. 4.  In response, petitioned filed two documents that are

22    nonresponsive to the court's prior orders directing petitioner to file a completed *in forma pauperis*

23    application or pay the required filing fee.  The time for petitioner to comply with the August 20

24    order has passed.  Accordingly, dismissal of the action is warranted.

25          The court has the inherent power to control its docket and may, in the exercise of that

26    power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*,

27    216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to

28    comply with these Rules or with any order of the Court may be grounds for imposition by the

1

1  Court of any and all sanctions . . . within the inherent power of the Court.").

2       A court may dismiss an action based on a party's failure to prosecute an action, failure

3  to obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54

4  (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,

5  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

6  complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

7  comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*

8  *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

9  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

10  prosecution and failure to comply with local rules).

11       In recommending that this action be dismissed for failure to comply with court orders, I

12  have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's

13  need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

14  favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

15  *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

16       Here, petitioner has failed to respond to court orders directing him to file either a

17  completed *in forma pauperis* application or pay the required filing fee.  *See* ECF Nos. 3 & 4.

18  Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its

19  docket, and the risk of prejudice to the respondent all support imposition of the sanction of

20  dismissal.  Lastly, my warning to petitioner that failure to obey court orders will result in

21  dismissal satisfies the "considerations of the alternatives" requirement.[1]  *Ferdik*, 963 F.2d at

22  1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  Petitioner has had adequate warning

23  that dismissal could result from his noncompliance.  Accordingly, I find that the balance of

24  factors weighs in favor of dismissal.

25       Accordingly, it is hereby RECOMMENDED that:

26       1.  This action be DISMISSED without prejudice for failure to pay the filing fee, to

27

28  _____
[1] The October 10 order expressly warned petitioner that his failure to comply with court
orders would result in dismissal.  *See* ECF No. 4.

2

1    prosecute, and to comply with court orders for the reasons set forth in the August 20, 2025 order.

2        2.  The Clerk of Court be directed to close the case.

3        These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

5    service of these findings and recommendations, any party may file written objections with the

6    court and serve a copy on all parties.  Any such document should be captioned "Objections to

7    Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

8    within fourteen days of service of the objections.  The parties are advised that failure to file

9    objections within the specified time may waive the right to appeal the District Court's order.  *See*

10   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

11   1991).

12

13   IT IS SO ORDERED.

14

15   Dated:    November 13, 2025

        JEREMY D. PETERSON
16      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                     3